UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSPEH D. GILBERTI, P.E.,

                            Plaintiff,

              -against-

GEORGE W. BUSH, et al.,

                          Defendants.

1:24-CV-7180 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

      Plaintiff Joseph D. Gilberti, who filed this action while he was held in the Sarasota County Jail, in Sarasota, Florida, appears *pro se*.[1] He asserts what he characterizes as claims for *mandamus* relief, and he sues: (1) former President of the United States, George W. Bush; (2) the "Council of National Defense"; (3) the National Resources Defense Council; (4) the Army Corps of Engineers; (5) the United States Congress; (6) the United States Department of State; (7) the United States Department of Energy; (8) the United States Environmental Protection Agency; (9) the United States Department of Justice; (10) the United States Department of Homeland Security; (11) the National Guard; (12) the "Office of the USA President"; (13) the Secretary of the Army; and (14) the United States Department of the Interior.

      By order dated October 30, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses this action.

---

    [1] While Plaintiff may no longer be held in that facility, the court continues to receive submissions from him that include that facility's mailing address.

    [2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

**BACKGROUND**

In his complaint, Plaintiff seeks *mandamus* relief to compel the defendants to, *inter alia*, "test two unique endless 'primary water' resources in New Jersey to serve New York[] and

Sarasota, Florida." (ECF 1, at 1.) He asserts, in his complaint, that he "has been subdued by [a] 9-11 Sarasota/Tampa 'organized terrorist gang' of lawyers/judges, [Florida Governor] DeSantis, [former President] Obama, [President] Trump, [former Vice President] Harris, [former President] Biden coup to suppress 'Global Primary Water' access for 12 [years] ongoing." (*Id.* at 2.)

After Plaintiff filed his complaint, he filed many additional submissions, some of which are hundreds of pages long, which the Court construes as supplements to his complaint. (ECF 6, 8, 9, 11-24.) In his complaint and supplements, Plaintiff seems to accuse the defendants and others of conspiring to perform criminal activity with respect to the discovery and hiding of "primary water" and its alleged special properties. He may also be seeking his release from confinement in the Sarasota County Jail and this Court's intervention in and a stay of what appears to be his ongoing criminal proceedings in the Florida state courts.

## DISCUSSION

### A. Prosecution of others

To the extent that Plaintiff seeks the federal criminal prosecution of any of the defendants, or anyone else, the Court must dismiss such claims for relief. Plaintiff cannot initiate a criminal prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the federal criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the federal criminal prosecution of anyone, including the defendants, *see* Fed. R. Civ. P. 12(h)(3);

3

*Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

**B.     Plaintiff's claims for release**

The Court understands Plaintiff's claims for release as claims for *habeas corpus* relief under 28 U.S.C. § 2241(c)(3). The Court must dismiss such claims as it lacks *habeas corpus* jurisdiction to consider them. Generally, in order to entertain a *habeas corpus* petition under Section 2241, a court must have jurisdiction over the person who has custody of the person seeking such relief, *see Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973), which is usually a prisoner's warden or some other official that has direct control over the custody of the person seeking such relief. Thus, jurisdiction to consider a Section 2241 *habeas corpus* challenge to a person's physical confinement generally lies in the United States District Court for the federal judicial district where that person is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

To the extent that Plaintiff is challenging his immediate confinement in the Sarasota County Jail, in Sarasota, Sarasota County, Florida, which lies within the Middle District of Florida, *see* 28 U.S.C. § 89(b), this court lacks *habeas corpus* jurisdiction to consider such claims.[3] Because it is not in the interest of justice to sever and transfer such claims, the Court dismisses them for lack of jurisdiction, *see* 28 U.S.C. §§ 1406(a), 1631, but without prejudice to

---

[3] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

Plaintiff's asserting them in a petition for a writ of *habeas corpus* filed in the federal district court that has jurisdiction to consider them.

**C.     Plaintiff's claims are frivolous**

Notwithstanding the Court's dismissal of the claims discussed above, the Court must dismiss all of Plaintiff's claims as frivolous. A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33 (affirming finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks))). A court has "no obligation to entertain pure speculation and conjecture." *Id.*

Plaintiff's allegations, in his complaint and in his supplements, attempt to assert claims regarding a vast criminal conspiracy involving judges, federal government officials, and others as to the discovery and hiding of "primary water" and its alleged special properties. Because Plaintiff's allegations are mainly incoherent and fantastical, however, there is no factual predicate or legal theory on which Plaintiff may rely to state a claim. Thus, a finding of frivolousness is warranted as to all of Plaintiff's claims. *See Livingston*, 141 F.3d at 437. The Court, therefore, notwithstanding its dismissal of the claims discussed above, dismisses all of Plaintiff's claims as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**D.     Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Because it appears that the defects in Plaintiff's complaint and supplements cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**E.     Warning**

This action is not the first civil action of Plaintiff's that this court has found to be frivolous or otherwise nonmeritorious. *See Gilberti v. Bush*, No. 1:24-CV-7851, 2025 WL 1557934 (S.D.N.Y. May 28, 2025) (dismissed as frivolous under Section 1915(e)(2)(B)(i), action filed while Plaintiff was a prisoner), *appeal pending*, No. 25-1562 (2d Cir.); *Gilberti v. Holy See*, No. 1:24-CV-9107, 2025 WL 1518326 (S.D.N.Y. May 27, 2025) (same), *appeal pending*, No. 25-1595 (2d Cir.); *Gilberti v. United Nations*, No. 1:24-CV-6083, 2025 WL 104441 (S.D.N.Y. Jan. 13, 2025) (dismissed for failure to state a claim on which relief may be granted under Section 1915(e)(2)(B)(ii), action filed while Plaintiff was a prisoner), *appeal dismissed*, No. 25-238 (2d Cir. May 15, 2025).

Plaintiff is thus warned that if he files any further vexatious, frivolous, or otherwise nonmeritorious litigation in this court, it may result in the court issuing an order directing him to show cause why the court should not bar him from filing any future civil action in this court IFP without the court's leave to file.[4] *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this order. The Court denies the pending motion (ECF 15) as moot.

---

[4] The Court does not determine here, given his litigation history in this court, as mentioned above, and in any other federal court, whether Plaintiff is now considered barred, under 28 U.S.C. § 1915(g), from filing any future civil action or appeal in a federal court IFP, as a prisoner, unless he is under imminent danger of serious physical injury at the time of filing.

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

The Court also directs the Clerk of Court to mail copies of this order and the accompanying judgment to Plaintiff at: (1) Plaintiff's address of record (which appears to be his home address); and (2) the following address: Joseph D. Gilberti, #2024-2237, Sarasota County Jail, 2020 Main Street, Sarasota, Florida 34237.

SO ORDERED.

Dated:   October 14, 2025
         New York, New York

                                              *Louis L. Stanton*
                                         _____
                                              Louis L. Stanton
                                                 U.S.D.J.